IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Case No.: 1:20-CR-74-3 (JUDGE KLEEH) |
| MICHAEL ALCENDOR, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND PROTECTIVE ORDER [ECF NO. 202]**

Presently pending before the Court is a motion [ECF No. 202] filed by Defendant Michael Alcendor ("Alcendor") on November 18, 2020 to amend the terms of a protective order [ECF No. 103] previously entered in this matter on November 2, 2020. The Court also is in receipt of the Government's response in opposition [ECF No. 247], thereto, filed on November 30, 2020, and Defendant's reply [ECF No. 253], filed on December 1, 2020. On February 5, 2021,[1] the undersigned Magistrate Judge held a hearing on the same. Thereafter, at the request of the Court, counsel for the parties filed their respective supplemental briefs on February 12, 2021. Thus, the Court also has reviewed both the Defendant's supplement to his original motion [ECF No. 422] and the Government's supplement to its original response. [ECF No. 421].

By his motion, Defendant seeks modification of the protective order [ECF No. 103] to allow for Defendant's counsel to provide certain discovery materials to Defendant, and allow for

---

[1] The passage of time between the ripening of Defendant's motion and a hearing on the same is because of delays in transporting Defendant, after his arrest, from the Southern District of Texas to the Northern District of West Virginia (and delays in Defendant's counsel's ability to communicate with his client) owing to a surge in the global COVID-19 pandemic. Also, a previously-scheduled hearing on the motion was continued because Defendant's counsel himself was battling a COVID-19 infection at the time.

1

his possession of certain discovery otherwise. Defendant takes issue with the Government's claim that harm could come from Defendant's possession of materials which identify confidential informants, or that possession of materials could lead to dissemination of them on social media or otherwise.[2] Defendant also takes issue with a prohibition on possessing discovery containing personal identifying information, and argues it is incumbent on the Government to redact such information.

In response, the Government points out that it has disclosed more information than is required under Rule 16 of the Federal Rules of Criminal Procedure, as an accommodation to defendants in this case. The Government also emphasizes that certain of the information disclosed (e.g. witness statements, debriefing interviews) is highly sensitive, and discovery materials in the wrong hands could jeopardize the safety of confidential informants and their families. And the Government argues that it cannot easily redact such a great volume of information.

At the hearing before the undersigned on February 5, 2021, conducted by Zoom videoconferencing, the Government gave a helpful demonstration of how discovery is organized and shared in this case. Using the screen-sharing function on the Zoom platform, the Government demonstrated how materials here are organized using Eclipse software. Per the Government's demonstration, Eclipse allows the user (here, the Government) to create a searchable database of all of the discovery materials gathered for all defendants in this matter. The materials, if they are documents, are converted to a single type of digital document, typically in a Portable Document

---

[2] At the time Defendant's counsel filed his motion [ECF No. 202], Defendant was released from custody per the terms of the Order Setting Conditions of Release [ECF No. 67] and was located in the Houston, Texas area. Thus, in the motion, Defendant's counsel cited the geographic distance from his client as a reason to amend the protective order. Since then, Defendant has been arrested and found to have violated the terms of the Conditions of Release [ECF No. 408], and is in USMS custody in the Northern District of West Virginia at North East Ohio Correctional Center (NEOCC). Thus, Defendant's counsel since has cited different logistical concerns in reviewing discovery materials with his client, and continues to request modification of the protective order.

Format ("PDF"). Other materials, such as audio and video files, also are included in the database. Then, that database is shared with counsel for all defendants, often on an external computer drive such as a "thumb" drive. Counsel for defendants can easily acquire the "viewer" to allow for access to materials in Eclipse.

The Eclipse platform allows the Government, in creating its database, to "tag" documents and other materials based on, for example, defendant name, an event, or a topic. In the particular case of Defendant here, the Government demonstrated how a subfolder with his name is easily discernable among subfolders with other defendants' names, and the user need only click on that folder to view all of the evidentiary materials the Government has amassed related to Defendant.

Specific to Defendant, the Government demonstrated how a review of Eclipse materials shows there are approximately 5,341 documents related to him. Further, the Government helpfully represented that, of those documents, 5,276 are merely one-page e-mails regarding GPS data purporting to reveal Defendant's location during the investigation of him. Otherwise, according to the Government, law enforcement intercepted only eight telephone calls related to Defendant, which are flagged in Eclipse. Also flagged in Eclipse relative to Defendant are 16 Reports of Investigations (ROIs) and a traffic stop report. The Government states that the ROIs and the traffic stop report pertaining to Defendant here amount to approximately 350 pages in Eclipse, many fewer than it would seem at first blush.

Defendant's counsel has emphasized the need to review discovery materials related not just to Defendant himself, but also as to all of his co-defendants. However, at the hearing on February 5, 2021, the Government emphasized that all materials related to Defendant in this matter which would be used at trial (with the exception of any supplemental material, which would be provided directly to Defendant's counsel if it arises) could be found in the Eclipse database in the

"Alcendor" file. According to the Government, the material in the "Alcendor" file includes anything connecting Defendant here to any conspiracy, such that Defendant's counsel can rely on the information in that specific file on Eclipse (and on any supplemental information provided directly to counsel). Nothing precludes Defendant and his counsel from reviewing information as to co-defendants, but they need not review it, either, to find all necessary materials related to Defendant.

Defendant's counsel requested specifically to be permitted to load discovery materials on a laptop computer, deliver that computer to the facility where Defendant is detained, and allow Defendant longer-term access to the computer to review discovery. Defendant's counsel represented that the laptop would contain only discovery material and not other information, and would not be connected to the Internet. In support of this request, Defendant's counsel provided, in the supplemental memorandum, citations to a number of other cases in the Wheeling point of holding court in the Northern District of West Virginia, where he has been similarly accommodated.

While the undersigned understands that Defendant's counsel has been accommodated in other matters in the manner requested here, the Court must review these issues on a case by case basis. To this end, in its supplemental memorandum, the Government states that representatives of the facility where Defendant currently is housed, NEOCC, do not accept laptops there. In addition, the Government further represents that NEOCC will allow for counsel to review discovery by video. In so doing, the Court sees no reason why Defendant's counsel could not share a computer screen – and review discovery material – with his client in much the way the Government did during its demonstration to the Court on February 5, 2021. The undersigned is persuaded by the Government's point here that such an arrangement not only would alleviate the need for

Defendant's counsel to travel, but also would allow Defendant's counsel to guide Defendant in review of the discovery, likely in a more productive fashion that if Defendant were to review discovery on his own.[3]

Thus, based on the foregoing, it appears that the breadth and volume of discovery in this matter is not as great as perhaps Defendant first feared. It also appears there is ample opportunity to review the subset of discovery directly bearing on Defendant here by utilizing videoconferencing or other adequate means. Accordingly, it is hereby **ORDERED** that Defendant's motion to amend the protective order [ECF No. 202] is **DENIED**.

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**ENTERED: February 18, 2021.**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE

---

[3] In its supplement, the Government states, helpfully, that it also inquired of North Central Regional Jail as to whether an inmate could receive and review a laptop as Defendant's counsel requests. However, it is unclear to the Court when or whether Defendant would be moved to a regional jail, let alone which regional jail that may be. And in any event, it appears there may be a slim possibility that NCRJ would accommodate Defendant's counsel here, but it seems more likely that NCRJ may arrange for a no-contact lawyer/client meeting in which counsel could share information with the client.